UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE FETTERMAN,
#613150,

Petitioner,

Civil Action No. 19-CV-13137

vs.

HON. BERNARD A. FRIEDMAN

SHAWN BREWER,

Respondent.
_____________________/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Nicole Fetterman, an inmate at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In her pro se application, petitioner challenges her conviction for armed robbery, MICH. COMP. LAWS § 750.529. For the reasons set forth below, the Court shall deny the petition. The Court shall also deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

## I. BACKGROUND

On November 11, 2016, petitioner pleaded guilty in Wayne County Circuit Court to one count of armed robbery. This charge carries a sentence of up to life imprisonment. (ECF No. 7-5, PageID.127). However, the parties reached an agreed upon sentence of ten to twenty years, plus restitution. (*Id.*, PageID.130). The prosecution dropped the remaining charges of first-degree home invasion and extortion. (*Id.*, PageID.127-28, 130). The government also moved for the dismissal of the fourth habitual offender charge, which would have imposed a mandatory

minimum sentence of twenty-five years' imprisonment. (*Id.*, PageID.128, 130). At the plea hearing, petitioner was advised of the rights that she was giving up by pleading guilty. (*Id.*, PageID.132-33). She also indicated that no one had threatened or pressured her into entering a guilty plea. (*Id.*).

On December 5, 2016, petitioner was sentenced to ten to twenty years' imprisonment. (ECF No. 7-6, PageID.153). Petitioner subsequently moved to withdraw her plea and hold a *Ginther* hearing,[1] asserting that she "was forced to plead guilty." (ECF No. 7-7, PageID.158-59). In denying that motion, the Wayne County Circuit Court noted: "During the course of the plea [petitioner] was asked specifically whether or not anyone had threatened her, forced her or pressured her in order to get her to plead in this particular matter. She answered that question by saying no." (*Id.*, PageID.159). The court further stated that there "wasn't any factual assertion of ineffective assistance that has been set forth," and there was, therefore, no basis for a *Ginther* hearing. (*Id.*, PageID.160).

On January 3, 2018, petitioner's conviction was affirmed on appeal. *People v. Fetterman*, No. 339841 (Mich. Ct. App. Jan. 3, 2018); *lv. den.* 915 N.W.2d 366 (Mich. 2018). (ECF No. 7-8, PageID.163).

In the instant application, petitioner raises the following claim:

> The trial court erred by denying Defendant's motion to withdraw her plea due to ineffective assistance of trial counsel and/or grant a *Ginther* hearing where Defendant's trial counsel coerced and pressured Defendant to plea and failed to prepare for trial.

---

[1] In *People v. Ginther*, 212 N.W.2d 922, 924 (Mich. 1973), the Michigan Supreme Court stated: "When a defendant asserts that [her] assigned lawyer is not adequate or diligent or asserts . . . that [her] lawyer is disinterested, the judge should hear [her] claim and, if there is a factual dispute, take testimony and state his findings and conclusion." The court added that "[a] judge's failure to explore a defendant's claim that [her] assigned lawyer should be replaced [may] . . . require that a conviction following such error be set aside." *Id.*

(ECF No. 1, PageID.2).

## II. STANDARD OF REVIEW

As the Supreme Court has stated:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a prisoner who challenges (in a federal habeas court) a matter "adjudicated on the merits in State court" to show that the relevant state-court "decision" (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting § 2254(d)). A decision of a state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or if the state court "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (O'Connor, J., concurring). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 562 U.S. 86, 100 (2011). Further, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (internal quotation marks omitted). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). In addition, factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary. *See* § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The federal habeas court's review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. DISCUSSION

### A. Coerced Guilty Plea

Petitioner possesses no "federal due process right to seek to withdraw [her] guilty plea." *Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). "[U]nless [a] plea[] violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's . . . plea[] is discretionary with the state trial court." *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). As another judge in this district has explained:

> A guilty or no contest plea that is entered in state court must be voluntarily and intelligently made. *See Doyle v. Scutt*, 347 F.Supp.2d 474, 482 (E.D.Mich.2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969)). In order for a plea of guilty or no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of [her] plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir.1991). The defendant must

> also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir.1994). When a petitioner brings a federal habeas petition challenging [her] plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir.1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id*. A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *See Hoffman v. Jones*, 159 F.Supp.2d at 655-56. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *See Myers v. Straub*, 159 F.Supp.2d 621, 626 (E.D.Mich.2001).
>
> It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 81 L.Ed.2d 437 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to [her] by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id*.

*Id*. at 749.

In the present case, the record establishes that petitioner freely and voluntarily pleaded guilty to the armed robbery charge. Petitioner was advised of the maximum penalty for the charge, the rights that she was waiving by pleading guilty, and the terms of the plea and sentencing agreement. Petitioner also stated that she had not been threatened or forced into entering her plea, but rather was pleading freely and voluntarily. "Petitioner's bare claim that [her] counsel coerced [her] into pleading [guilty] is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea colloquy." *Id.* at 750-51. Moreover,

petitioner has presented "no extrinsic evidence to prove the [alleged] threats or duress," nor is there any indication in the record that she was under duress when she entered her plea. *United States v. Spencer*, 836 F.2d 236, 240-41 (6th Cir. 1987). There is simply no basis for the requested plea withdrawal and the state court's opinion concluding as much was objectively reasonable.

**B. Ineffective Assistance of Counsel**

The Sixth Circuit has explained that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that [she] is in fact guilty of the offense with which [she] is charged, [she] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Any pre-plea claims of ineffective assistance of trial counsel "have therefore been waived by [petitioner's] subsequent guilty plea." *Hawkins v. Rivard*, No. 16-1406, 2016 WL 6775952, at *5 (6th Cir. Nov. 10, 2016).

As to any ineffective assistance of counsel claims related to the plea itself, a habeas court's review of a lawyer's performance is "doubly deferential." *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014). The first layer of deference is the deficient-performance-plus-prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under *Strickland*, petitioner must show that (1) counsel's "performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id*. at 687. Constitutionally deficient performance may be found if "counsel committed an error so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Jones v. Bell*, 801 F.3d 556, 562 (6th Cir. 2015) (quoting *Strickland*, 466 U.S. at 687, internal quotation marks omitted). A strong presumption of effectiveness applies. *See Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000).

To demonstrate prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, petitioner must "demonstrate 'a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial.'" *Premo v. Moore*, 562 U.S. 115, 129 (2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

> Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. In other words, the petitioner must show that, but for counsel's errors, [she] would not have pleaded guilty, because there would have been at least a reasonable chance [she] would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, [she] cannot show that the advice to plead guilty prejudiced [her].

*Garrison v. Elo*, 156 F. Supp. 2d 815, 829 (E.D. Mich. 2011) (citations omitted, citing *Hill*, 474 U.S. at 58-60). This inquiry "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

In the present case, petitioner is not entitled to habeas relief on her ineffective assistance of counsel claim because she has failed to demonstrate that there was any chance that she would have been acquitted or that she would have received a lesser sentence than she did by pleading guilty. *See Shanks*, 387 F. Supp. 2d at 750. Based on the crimes for which petitioner was charged, she was facing a maximum sentence of life in prison. MICH. COMP. LAWS § 769.12(1)(a). Petitioner's counsel was able to negotiate a plea bargain involving the dismissal of the habitual offender charge, two additional criminal charges, and an agreed upon sentence of ten

to twenty years on the armed robbery charge. Had petitioner gone to trial, she would have faced greater charges and a far greater sentence. Petitioner has also failed to identify any viable affirmative defense to her charges, much less one that "likely would have succeeded at trial." *Hill*, 474 U.S. at 59. Petitioner has therefore failed to demonstrate ineffective assistance of counsel. Fairminded jurists could not disagree with the state court's rejection of this claim.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, as petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal in this case could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: August 29, 2022
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on August 29, 2022.

Nicole Fetterman #613150
HURON VALLEY COMPLEX - CAMP VALLEY
3413 BEMIS RD.
YPSILANTI, MI 48197

s/Johnetta M. Curry-Williams
Case Manager